## 69116. DOMENICONE v. CARL E. JONES DEVELOPMENT, INC. et al.
### (326 SE2d 548)

BIRDSONG, Presiding Judge.

This appeal is from a jury verdict in favor of the defendant Carl E. Jones Development, Inc. in a suit on defects in a new house. The owner of the company also had personally agreed to fix twelve certain items, and provided for liquidated damages for his failure to do so; this agreement was duly performed. However, the suit, as it was submitted to the jury, was based only on breach of an express warranty of fitness by the company. Accordingly, it was clearly error and misleading for the trial court to charge the jury as to accord and satisfaction and liquidated damages, where there was no such evidence relating to the only claim before the jury. Since the jury returned a verdict for the defendant, we cannot say the error was harmless. See, as to harmful error, *Carpenter v. State*, 167 Ga. App. 634, 641 (307 SE2d 19).

*Judgment reversed. Carley, J., concurs. Beasley, J., concurs specially.*

DECIDED JANUARY 28, 1985.

*Kenneth L. Millwood, E. Kendrick Smith*, for appellant.
*Patrick L. Swindall, Michael R. Hurst*, for appellees.

BEASLEY, Judge, concurring specially.

1. I concur that a new trial is necessary. The court charged on accord and satisfaction and liquidated damages. These principles were applicable only to the agreement with respect to twelve specific items which were to be satisfactorily completed or repaired by December 1981, failing which the builder was to pay the homeowner up to $1200. This agreement was signed by the builder individually rather than in his corporate capacity, whereas the primary construction/sales contract was made by the corporation.

During the trial the homeowner withdrew his claim against the individual, whom he had alleged was liable for $1200 for failure to satisfy the twelve-item agreement. He never alleged that the corporation was responsible for that agreement. The corporation and the in-

dividual now claim that their position was that the agreement was the corporation's and not the individual's so that the jury instructions had been appropriate. The problem is that, while counsel may have stated that position outside the presence of the jury, when the jury came back the court instructed it that the suit had been narrowed to a breach of contract against the corporation and a breach of contract (the twelve-item agreement providing for $1200 liquidated damages) against the individual. No one objected to that categorization, and when at the end of the evidence and charge conference the homeowner withdrew his claim "against Mr. Jones personally, which was the $1200 claim on the contract," out went the claim on the twelve-item agreement. The defendants did not object.

The accord and satisfaction and liquidated damages charges would be relevant if the corporation were bound by the twelve-item agreement, so that it operated as an accord and satisfaction as to those twelve items out of the entire construction/sales contract. But the evidence did not show that the agreement was the corporation's or that the homeowner agreed by it to relieve the corporation of its obligations on the one-year warranty, with respect to these twelve items.

Even if the jury had been authorized to find that the agreement bound the corporation, so that it affected the one-year warranty and limited the homeowner's rights with request to the twelve items, the court did not so confine the jury's application of the accord and satisfaction and liquidated damages charges. They were just given as blanket principles of law, in the context of instructions on the primary construction/sales contract. Thus the jury could have found that the twelve-item agreement ended the one-year warranty obligations of the construction/sales agreement and that the homeowner did not prove breach of the twelve-item agreement so that he would be entitled to nothing. This would have been a misapplication of the law, adjusted to the facts as shown by the evidence, to the issues and claims submitted to the jury.

2. As to the instructions on "merger by deed" and "caveat emptor," since the court instructed that these doctrines did not apply, it did not matter much whether the jury understood what they meant or not. The court charged that these two doctrines would not bar the homeowner's claim or recovery so, while the jury may not have understood or known the definition of the legal principles which the court simply called by name, the appellant could not have been harmed.